UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOHN WINSTON          :
                      :
      v.              :    C.A. No. 15-042ML
                      :
TONY OLIVERA, et al.  :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Plaintiff John Winston, an inmate at the A.C.I., commenced this civil rights action under 42 U.S.C. § 1983 on February 9, 2015. (Document No. 1). He also filed an Application to Proceed Without Prepayment of the $400.00 civil case filing fee. (Document No. 2). Plaintiff's Complaint and Application have been referred to me for initial review and screening. See 28 U.S.C. §§ 1915(e)(2) and 1915A.[1]

A review of Plaintiff's submissions reveals that he is currently serving a sentence as a probation violator in State v. Winston, P2-2001-2626A. Plaintiff was convicted of felony domestic assault in that case and received a twenty-year sentence with seven years to serve and thirteen years suspended with probation. On July 22, 2014, Plaintiff was arrested and charged with simple assault, disorderly conduct and resisting arrest. See State v. Winston, 61-2014-08106. These new charges were the basis for a violation of the suspended sentence and probation in the prior felony assault case. Plaintiff was found to be a violator by Superior Court Associate Justice Luis Matos on September 11, 2014 and he was sentenced to serve sixty-six months of his remaining 150-month suspended sentence. On October 17, 2014, Plaintiff pled nolo to the new simple assault charge and received a one-year

---

[1] Plaintiff's only request for relief is to be released from prison which is not an available remedy under 42 U.S.C. § 1983. Thus, his Complaint is effectively a Petition for Habeas Corpus under 28 U.S.C. § 2254 and subject to preliminary review under Rule 4 of the Federal Rules governing such petitions.

suspended sentence with probation.

In this case, Plaintiff sues Tony Olivera, the complainant/victim in the 2014 assault which resulted in his current violation sentence, as well as numerous other individuals including homeless shelter staff, the Rhode Island State Troopers involved in his arrest, his Probation Officer and the Prosecutor. Plaintiff alleges that Mr. Olivera "made all of this up." (Document No. 1 at p. 5). As relief, he states he "would like to be released because there is no proof to this so-called assault that took place." (Document No. 1 at p. 6). He also indicates that there were no witnesses to the assault alleged by Mr. Olivera and that someone else wrote Mr. Olivera's statement for him. Id.

After preliminary review, I recommend that Plaintiff's Complaint be dismissed for the following reasons. First, he fails to state any legally viable claims under 42 U.S.C. § 1983 and exclusively seeks relief (release from prison) which is not legally available under 42 U.S.C. § 1983. Plaintiff does not specifically identify the deprivation of any particular rights secured by the Constitution or federal law which is necessary to properly state a claim under § 1983. He also sues numerous private individuals who are not subject to suit under § 1983 since there are no allegations that they were acting "under color of law" as required. Finally, Plaintiff does name some state actors (state troopers, probation officer and prosecutor) as Defendants but makes absolutely no factual allegations against them that could possibly state a viable § 1983 claim.

Second, even if Plaintiff sufficiently stated a claim under 42 U.S.C. § 1983, he is effectively asking this Court to retry and reverse his state probation violation case which is beyond the purview of this Federal Court. Such an attempt to end run state criminal proceedings is barred by either the Younger abstention doctrine and/or the Rooker-Feldman doctrine. See Younger v. Harris, 401 U.S. 37 (1971) (preventing a federal court from interfering with an ongoing state criminal prosecution); and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) (preventing lower federal

courts from sitting in direct review of state court decisions).

Finally, since the only relief Plaintiff seeks is release from custody, this is effectively a petition for habeas corpus under 28 U.S.C. § 2254. However, even if construed as a habeas petition, Plaintiff's Complaint is procedurally barred because it is apparent from his filings that Plaintiff has not yet exhausted his state court appellate and post-conviction relief remedies to challenge the 2014 decision finding him to be a state probation violator. Exhaustion of the state court remedies available to a state inmate is required before he may seek habeas corpus relief from federal court. See 28 U.S.C. § 2254(b)(1). Further, Plaintiff does not allege that his custody is in violation of the Constitution, laws or treaties of the United States as required to support a petition under § 2254.

For the foregoing reasons, I recommend that Plaintiff's Complaint (Document No. 1) be DISMISSED for failure to state any legally viable claims and his Application to Proceed without Prepayment of the $400.00 civil case filing fee (Document No. 2) be DENIED as moot.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
February 12, 2015